## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF
## PENNSYLVANIA

| | |
|---|---|
| SERDAR TATAR, ) | |
| ) | Civil Action No. 1:24-cv-189 |
| Petitioner, ) | |
| ) | RICHARD A. LANZILLO |
| v. ) | Chief United States Magistrate Judge |
| ) | |
| NEWMAN, WARDEN, ) | |
| FCI MCKEAN, ) | (Electronic Filing) |
| ) | |
| Respondent. ) | |

### RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

NOW COMES Respondent, Newman, Warden, FCI McKean, by and through her attorneys, Eric Olshan, United States Attorney for the Western District of Pennsylvania, and Ross Lenhardt, Assistant United States Attorney for said District, and submits the following Response to the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") filed by Petitioner Serdar Tatar ("Petitioner").

### I.   INTRODUCTION

Petitioner is a federal inmate at FCI McKean, where he is currently serving a 396-month prison sentence stemming from a Conspiracy to Murder conviction.[1]

In his Petition, Petitioner alleges his current offense conviction under 18 U.S.C. § 1117 has been erroneously categorized as a violent offense and his custody classification points are improperly increased due to a public safety factor (or PSF) of "greatest severity." *See* Petition, 2 and 7. He avers

---

[1] Petitioner was found guilty of Conspiracy to Murder Members of the United States Military, in violation of 18 U.S.C. § 1117 (18:1114). *See* Ex. 1, Decl. of J. Kerr; *see also* Attachment 1, Public Information Data; Ex. 2, Judgment in *United States v. Tatar*, No. 07-cr-00459 (05) (D.N.J.). Petitioner's current projected release date – assuming he receives all good conduct time available to him – is August 26, 2035. (*See* Ex. 1, Decl. J. Kerr, Attachment 1.)

the categorization has resulted in him being housed at a higher-level security institution without access to reentry programs. *Id.*, 7. Accordingly, he requests that the Court order the Federal Bureau of Prisons to update outdated classification policy in accordance with current law. *Id.*, 8.

## II.     SUBJECT MATTER JURISDICTION

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws . . . of the United States . . . ." § 2241(c)(3). "[T]he language of § 2241(c)(3) and . . . the common-law history of the writ, [demonstrate] that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, the Supreme Court has clarified that unless a petitioner seeks to terminate, accelerate release from, or reduce his level of custody, habeas relief is not available. *See Skinner v. Switzer*, 562 U.S. 521, 534 (2011). The Third Circuit has followed this understanding of the Great Writ:

> [W]henever [a petition] ultimately attacks the 'core of habeas' —the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under [another basis] is appropriate.

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

However, writs of habeas corpus can also attack the "execution" of a prisoner's sentence. *Woodall v. BOP*, 432 F.3d 235, 241 (3d Cir. 2005). That is, in certain circumstances, a prisoner can challenge how his sentence is being "put into effect" or "carr[ied] out." *Id.* (quoting *Webster's Third New Int'l Dictionary* 794 (1993)). In *Woodall*, a prisoner disputed BOP regulations that categorically prohibited his transfer from prison to community custody at a Residential Reentry Center, or RRC. *Id.* at 237. The *Woodall* Court found that Woodall properly challenged his sentence "execution" by a habeas petition under § 2241. *Id.* at 241-44.

Woodall's petition was cognizable because "[c]arrying out a sentence through detention in a [RRC] is very different from carrying out a sentence in an ordinary penal institution." *Id.* at 243. In other words, it was a "quantum change in the level of custody." *See Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring) (quoting *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)). However, the *Woodall* Court was explicit that "placement in a [RRC] represents more than a simple transfer" and that habeas relief would not lie for "a challenge to, for example, a garden variety prison transfer." *Woodall*, 432 F.3d at 243.

Petitioner, however, is not seeking to terminate, accelerate release from, or reduce his level of custody, as required. *See Skinner*, 562 U.S. at 534. Rather, he is challenging misperceived administrative decisions about his custody classification.

"[P]risoners have no constitutional right to a particular classification." *Briley v. Attorney Gen. U.S.*, 632 F. App'x 84, 85 (3d Cir. 2016). Challenges to program eligibility, security designation, and custody classification "do not challenge the basic fact or duration of [Petitioner's] imprisonment, which is the 'essence of habeas.'" *Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) (per curiam) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). *See also Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) (per curiam) ("[P]risoners have no constitutional right to a particular classification."). Therefore, the Court lacks jurisdiction under § 2241.

Even assuming the cognizability under § 2241 of petitioner's apparent claim that his current offense being categorized as a crime-of-violence assignment is preventing a transfer from a Federal Correctional Institution or access to reentry programming, the court still does not have jurisdiction. Pursuant to § 3621(b), the BOP "shall designate the place of the prisoner's imprisonment." Congress

conferred exclusive authority to the BOP to choose a prisoner's place of imprisonment under § 3621(b). *See Setser v. United States*, 566 U.S. 231, 239-40 (2012).

Section 601 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5237, amended § 3621(b) by, *inter alia*, explicitly barring judicial review of the BOP's prison facility designations. The final sentence of § 3621(b) now reads: "Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." Thus, "courts are explicitly prohibited from intervening in the [BOP's] . . . determination on that topic." *United States v. West*, No. 2:18-cr-48, 2020 WL 1082638, at *2 (D.N.J. Mar. 6, 2020). Accordingly, the Court does not have subject matter jurisdiction over this petition, and it must be dismissed.

### III.     THE INSTANT PETITION

On August 14, 2024, Petitioner filed the instant Petition, alleging his current offense conviction under 18 U.S.C. §1117 has been erroneously categorized as a violent offense and his custody classification points are improperly increased due to a public safety factor of "greatest severity." *See* Petition, 2 and 7. He avers the categorization has resulted in him being housed at a higher-level security institution without access to reentry programs. *Id.*, 7. Accordingly, he requests the court order the Federal Bureau of Prisons to update outdated classification policy in accordance with current law. *Id.*, 8.

### IV.     ARGUMENT

The BOP's classification procedure is within the discretion of the Attorney General as delegated to the Director of the BOP. 18 U.S.C. § 4081; 28 C.F.R. § 0.96. *See e.g.*, *Peck v. Hoff*, 660 F.2d 371 (8th Cir. 1981). Congress has given federal prison officials "full discretion" to control the conditions of confinement, and prisoners have no legitimate constitutional entitlement to invoke due process claims based on a challenge to their classification. *Moody v. Daggett*, 429 U.S. 78, 88, n. 9

(1978). Therefore, challenges to the BOP classification procedures do not state constitutional claims. *Id.*

### A. Petitioner's Offense is Properly Categorized as a Violent Offense and a "Greatest Severity Offense"

Some Bureau policies or programs require a determination that an inmate committed a crime of violence, for example, the Program Statement on Inmate Discipline and Special Housing Units. Other policies or programs, such as early release pursuant to 18 U.S.C. § 3621(e), indicate that an inmate could be denied the benefits of such programs if he or she was convicted of an offense listed in either Sections 3 or 4.

Any conviction for an offense listed below is categorized as a crime of violence:

(1)  Title 18, United States Code Sections.

1117 (conspiracy to murder)

*See* BOP Program Statement, 5162.05, Categorization of Offenses, Pg. 4. Available publicly at https://www.bop.gov/policy/progstat/5162_005.pdf

Similarly, a male inmate whose current term of confinement falls into the "Greatest Severity" range according to the Offense Severity Scale will be housed in at least a Low security level institution, unless the PSF has been waived. Any offense involving homicide or voluntary manslaughter is categorized as "Greatest Severity." *See* BOP PS, 5100.08, Inmate Security Designation and Custody Classification. Offense Severity Scale, Appendix A, Pg 1. Petitioner was convicted of 18 U.S.C. § 1117, Conspiracy to Murder, and any attempt, aiding and abetting, conspiracy, misprision of a felony, and accessory after the fact in the same severity category as the underlying offense. *Id.*, Appendix A, Pg. 8.

Accordingly, Petitioner's offense is properly categorized as a violent and greatest severity offense.

V.      **CONCLUSION**

For the foregoing reasons, this Court should deny and dismiss the Petition.

                                                Respectfully submitted,

                                                ERIC G. OLSHAN
                                                United States Attorney

                                                */s/ Ross E. Lenhardt*
                                                ROSS E. LENHARDT
                                                Assistant U.S. Attorney
                                                Western District of PA
                                                Joseph F. Weis, Jr., U.S. Courthouse
                                                700 Grant Street, Suite 4000
                                                Pittsburgh, PA 15219
                                                (412) 644-3500
                                                Fax: (412) 644-6995
                                                PA ID No. 53627

                                                *Counsel for Respondent*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within *Response to Petition for Writ of Habeas Corpus* was served, via electronic filing and/or by postage paid U.S. Mail, to and upon the following:

> Serdar Tatar
> Reg. No. 61287-066
> FCI McKean
> P.O. Box 8000
> Bradford, PA 16701

 

                                  */s/ Ross E. Lenhardt*
                                  Ross E. Lenhardt
                                  Assistant U.S. Attorney

Dated:  November 12, 2024